UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>v.<br>$96,704.00 UNITED STATES CURRENCY<br>　　　　　　Defendant. | §<br>§<br>§  CIVIL ACTION NO.<br>§<br>§<br>§ |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

**PROPERTY SUBJECT TO FORFEITURE**

3. The property is described as follows: $96,704.00 in United States currency (the "Seized Currency"), which was seized on May 15, 2024, from Jeremy Antwan McLeod at the George Bush Intercontinental Airport in Houston, Texas. Jeremy Antwan McLeod has submitted a claim for the Seized Currency through his attorney, Arnold Spencer, to the Drug Enforcement Agency (hereinafter "DEA") contesting administrative forfeiture of the seized Currency.

## STATUTORY BASIS FOR FORFEITURE

4. The Seized Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

5. On May 15, 2024, officers of the Houston Police Department Narcotics Division, Houston George Bush Intercontinental Airport Interdiction Unit (known as HPD HIDTA/TARP) received information regarding the suspicious travel itinerary of airline passenger Jeremy Antwan McLeod (McLeod). McLeod booked a last-minute round-trip from Durham, North Carolina to Santa Ana, California with a layover in Houston, Texas. McLeod was to return to North Carolina the following day after spending less than 24-hours in California.

6. TARP members were able to obtain a physical description of McLeod through the North Carolina license data base. HPD Officers responded to the Airport Operations Area (AOA) to wait for the incoming airplane from North Carolina and attempted to locate McLeod's checked bag. TARP Officers also attempted to locate McLeod at the connecting gate. HPD Officers located McLeod's checked bag and conducted a law enforcement narcotic detecting K-9 open-air sniff of the bag. The law enforcement K-9 alerted positively on McLeod's checked bag for the odor of narcotics.

7. Thereafter, TARP Officers observed a male later identified as McLeod walking near the designated gate. The officers approached McLeod and asked to speak with him. McLeod agreed to speak to the officers and was then asked a series of travel related questions. McLeod

stated that he was traveling to Santa Ana, California for business and had checked a bag. He further stated he was aware of the contents of his bag, and no one asked him to bring anything for them. McLeod was informed of the law enforcement K-9 alert to his checked bag and permission to open the bag was requested. McLeod agreed but wanted the checked bag to be brought to him before it was opened. A photo of the bag was presented to him, and he identified it as his. McLeod, once again, requested that the bag be opened in front of him.

8. McLeod was escorted to the narcotics office where the checked bag and his backpack were opened in front of him. The backpack he carried was searched and a bundle of bulk U.S. currency was discovered. The checked bag also contained four sweatpants and 2 pairs of jeans that contained numerous rubber banded stacks of bulk United States currency in the pockets. There was also a sweatshirt hoodie with bulk United States currency in the pockets. The amount of currency seized from McLeod was $96,702.00 United States currency.

9. Following the seizure of the currency, it was removed from the checked bag and backpack. The Seized Currency was placed in a sterile bag and hidden in a clear, sterile room. Houston Police Officer Steve Fisher again deployed his narcotic detecting K-9. The Houston Police Department K-9 located the hidden bag and gave a positive alert for the odor of narcotics coming from the bag.

10. During a consensually recorded interview of McLeod by DEA Special Agent Cesar Hernandez, McLeod stated that he was traveling to Santa Ana, California for the purpose of buying a French Bulldog. When questioned further about the specifics of his intended purchase, McLeod could not provide information of the dog breeder in California from whom he was purchasing the dog, nor could he provide information about lodging accommodations while in California or travel arrangements for transporting the dog back to North Carolina. When asked

about the currency found in his bag, McLeod stated that the money was proceeds that came from different sources, including his dog breeding business, "Pink House Kennels", and a used car sales business, "Go Imports", owned by his wife. An open-source search for "Pink House Kennels" did not identify any such business on the AKC website, and only two photos were found on social media. A similar search for the used car sales lot "Go Imports" showcased a small trailer type business with no vehicles visible and no website indicating a traditional car dealership. Furthermore, McLeod did not know the total amount of money he had in his bag despite claiming ownership of it.

11. Based on the totality of the circumstances, the confiscated currency was seized as proceeds of drug transaction or monies used in the furtherance of drug trafficking under Title 21, United States Code, § 881(a)(6). Officers took into consideration the suspicious travel itinerary; McLeod's inability to identify the amount of money in his checked bag; the uncorroborated explanation of the source of the currency; and the K9 alert to the currency for the odor of narcotics.

## CONCLUSION

Based on the foregoing facts, there is probable cause to believe that the Seized Currency was monies furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the

requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria, Laredo, Texas, 78040. A copy must also be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

 /s/ Mary Ellen Smyth
Mary Ellen Smyth
Assistant United States Attorney
Texas Bar: 18779100
SDTX Admission: 31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78040
Ofc: (956) 723-6523; ext. 44964
Email: Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Cesar Hernandez, a special agent with the Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the Complaint for Forfeiture in rem, paragraphs 5-10, are true and correct to the best of my knowledge and belief.

Executed on the 8th day of October, 2024.

_____
Cesar Hernandez, Special Agent
Drug Enforcement Administration